IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEMONSIA RICKS, #172 290, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-660-TMH |
| | ) | [WO] |
| WILLIAM W. WYNNE, JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate incarcerated in the Bibb Correctional Facility located in Brent, Alabama, files this *pro se* action seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 and Article 1, Section 10, of the United States Constitution.[1] Defendants named to this cause of action include Alabama Parole Board Members William Wynne, Jr., Robert Longshore, and Clifford Walker, Executive Director of the Alabama Board of Pardons and Paroles Cynthia Dillard, and Attorney General for the State of Alabama Luther Strange. Plaintiff requests a permanent injunction barring Defendants from practicing the "illegal 85% rule," a declaration that the actions of Defendants are unconstitutional, and issuance of an order directing Defendants to consider Plaintiff for initial parole within one-third of his twenty-five year sentence. (*Doc. No. 1*)

---

[1] Article 1, § 10, of the United States Constitution states: "No State shall ... pass any Bill of Attainder, *ex post facto* law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility." While the *Ex Post Facto* Clause applies directly to legislative acts, the Fourteenth Amendment extends Article 1, Section 10's prohibition on *ex post facto* laws to include judicial decisions. *Bouie v. City of Columbia,* 378 U.S. 347, 353–54 (1964).

Upon review of the instant action, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

## I. DISCUSSION

Plaintiff complains that Defendants made up their own law via the rules of the Alabama Board of Pardons and Paroles by requiring that inmates convicted of a certain class of felonies must have completed 85% of their sentence or fifteen years, whichever is less, before they may be considered for parole. Defendants, Plaintiff claims, are violating state law in this regard and specifically, Ala. Code § 15-22-28, which states that the Parole Board shall not grant parole to any prisoner who has not served at least one-third of his or her sentence or ten years, whichever is less except by unanimous affirmative vote of the parole board. Plaintiff states that on April 14, 2006, he was sentenced to two concurrent twenty-five year terms with respect to his convictions for attempted murder and robbery in the first degree. Because Plaintiff received jail credit totaling eight months and 17 days, he claims he should be considered for parole in August 2013 which represents one-third of his twenty-five year sentence. (*Doc. No. 1*.)

Pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Declaratory

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Judgment Act of 1934, *see* 28 U.S.C. § 2201, a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A district court may issue a declaratory judgment only in "a case of actual controversy within its jurisdiction." *Id.* A "case of actual controversy" means one of a justiciable nature. *Ashwander v. Tennessee Valley Auth.,* 297 U.S. 288, 325 688 (1936). The Act does not require the courts to issue a declaratory judgment. Rather, it " 'confers a discretion on the courts rather than an absolute right upon the litigant.' " *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287 (1995), (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241 (1952)).

In this case, Plaintiff requests the court to "declare" that Defendants have acted in an unconstitutional manner, prohibit Defendants from practicing the "85% rule," and direct Defendants to consider him for parole within one-third of his twenty-five year sentence.[3] Plaintiff's argument in support of his requests for relief in this matter, however, is premised on his understanding of the language of Ala. Code § 15–22–28(e), which provides that the Parole Board "shall not grant a parole to any prisoner who has not served at least one third

---

[3] The "85% rule" Plaintiff references provides: "[e]xcluding those crimes committed prior to March 21, 2001, when an inmate is convicted of one or more of the following Class A felonies, the initial parole consideration date shall be set in conjunction with the inmate's completion of eighty-five (85) per cent of his or her total sentence or fifteen (15) years, whichever is less, unless the designee finds mitigating circumstances: Rape I, Kidnapping I, Murder, Attempted Murder, Sodomy I, and Sexual Torture; Robbery I with serious physical injury, Burglary I with serious physical injury, and Arson I with serious physical injury. Serious physical injury in this paragraph is as defined in title 13A-1-2(14) of the Alabama Code." *Available at http://http://www.pardons.state.al.us*.

or 10 years of his sentence, whichever is the lesser, except by a unanimous affirmative vote of the board." In Plaintiff's view, § 15–22–28(e) entitles him to an initial parole consideration upon his serving eight and one-third years of his sentence. The court understands Plaintiff to maintain that the Parole Board's 85% or 15–year Rule improperly supersedes § 15–22–28(e), in violation of the *Ex Post Facto* Clause, because application of the rule effectively increases the amount of time he is required to serve before receiving an initial parole consideration. Plaintiff's argument, however, is based on a misunderstanding of § 15–22–28(e).

The *Ex Post Facto* Clause bars "enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249 (2000). An amended law or regulation must create a significant risk of increasing the punishment imposed upon an inmate in order for the amendment to run afoul of this constitutional provision. *Id.* at 255; *see California Dept. of Corrections v. Morales*, 514 U.S. 499, 508–09 (1995). There is no simple formula for determining whether official rules or procedures violate the *Ex Post Facto* Clause, *see Garner*, 529 U.S. at 252, and a determination of whether rules or procedures violate the clause must be made on a case-by-case basis, see *Harris v. Hammonds*, 217 F.3d 1346, 1350 (11th Cir.2000).

The Supreme Court has recognized that the *Ex Post Facto* Clause should not be used for " 'the micromanagement of an endless array of legislative adjustments to parole and sentencing procedures.' ... The States must have due flexibility in formulating parole

4

procedures and addressing problems associated with confinement and release." *Garner*, 529 U.S. 244 (quoting *Morales*, 514 U.S. at 508). In *Morales*, the Supreme Court stated that "the focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage,' nor ... on whether an amendment affects a prisoner's 'opportunity to take advantage of provisions for early release,' but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." 514 U.S. at 506 n. 3 (internal citations omitted). The Supreme Court further stated that "what legislative adjustments 'will be held to be of sufficient moment to transgress the constitutional prohibition' must be a matter of 'degree.' " *Id.* at 509 (citation omitted).

Contrary to Plaintiff's argument, § 15–22–28(e) does not require the Parole Board to consider releasing an inmate on parole at a particular time and does not set forth a mandatory time by which an Alabama inmate must receive his initial parole consideration. Even more to the point, the statute does *not*, as Plaintiff contends, *entitle* an inmate to an initial parole consideration once he has served the lesser of one-third of his sentence or ten years. The plain meaning of § 15–22–28(e) is that Alabama inmates who have not served a *minimum* of ten years or one-third of their sentence shall not be *eligible* for a grant of parole, unless the Parole Board unanimously votes that the parole should be granted. The 85% or 15–year Rule does not contradict the language of § 15–22–28(e), and, indeed, the rule and the statute may operate together without conflict. Therefore, Plaintiff is incorrect in contending that the

85% or 15–year Rule supersedes § 15–22–28(e) as the standard for determining when an inmate is *entitled* to an initial parole consideration.

Based on the foregoing, Plaintiff's allegations against the named Defendants fail to state a claim on which relief may be granted. In light of the foregoing, Plaintiff's action for declaratory judgment under 28 U.S.C. § 2201, and Art 1, § 10, U.S. Const., is due to be denied and dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint for declaratory judgment pursuant to 28 U.S.C. § 2201, and Art. 1 § 10, U.S. Const., be DENIED pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii);

2. This action be DISMISSED prior to service of process.

It is further ORDERED that on or before **October 25, 2012** Plaintiff may file any objections to the Recommendation of the Magistrate Judge. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of October, 2012.

        /s/Charles S. Coody
    CHARLES S. COODY
    UNITED STATES MAGISTRATE JUDGE